**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

---

**LARRY WHITE EAGLE**
        **Petitioner,**

v.                                                    Case No. 12-C-0003

**JOHN PAGUIN, Warden,**
**Racine Correctional Institution,**
        **Respondent.**

---

## ORDER

On January 3, 2012, Larry White Eagle, proceeding pro se, filed a document entitled "Petition for Writ of Habeas Corpus under 28 USC 2241 By Person in Custody." Petitioner states that he is in custody pursuant to a judgment of the Juneau County Circuit Court. He alleges that the inclusion of inaccurate information in a presentence investigation is affecting his eligibility for parole in violation of his right to due process.[1]

At the outset, I note that because White Eagle is "in custody pursuant to the judgment of a State court," his petition can only be filed pursuant to 28 U.S.C. § 2254. See 28 U.S.C. § 2254(a). Thus, although petitioner mentions 28 U.S.C. § 2241 in his petition, I must consider the petition under § 2254.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give the case prompt initial consideration.

---

[1] Petitioner also alleges that the trial court violated Federal Rule of Criminal Procedure 32. However, the Federal Rules of Criminal Procedure do not apply to state courts, see Fed. R. Civ. P. 1(a), and so a violation of those rules is not a basis for habeas relief. But as Rule 32 relates to the accuracy of presentence investigations, I understand petitioner's reference to Rule 32 as being another way of stating that the presence of inaccurate information in the presentence investigation violates his right to due process.

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing § 2254 Cases. At this stage of the proceedings, I cannot say that it plainly appears that the petitioner is not entitled to relief in the district court. Accordingly, the respondent will be required to file a response to the petition.

Petitioner has also filed a motion to proceed in forma pauperis. Having reviewed the affidavit that he filed along with this motion, I am satisfied that he cannot afford to pay the filing fee. Therefore, his motion will be granted.

**THEREFORE, IT IS ORDERED** that within thirty (30) days of the date of this order respondent **ANSWER** the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion with its answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have forty-five (45) days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have forty-five (45) days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have thirty (30) days following the filing of respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief with its answer, this briefing schedule will be suspended and the briefing schedule will be as follows: (1) petitioner shall have forty-five (45) days following the filing of respondent's

dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have thirty (30) days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent and, in accordance with the memorandum of understanding between this court and the Wisconsin Department of Justice, electronically transmitted to the Attorney General for the State of Wisconsin.

**IT IS FURTHER ORDERED** that petitioner's motion to proceed in forma pauperis is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 19th day of January 2012.

s/_____
LYNN ADELMAN
District Judge