# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LARRY WHITE EAGLE,

    Petitioner,

v.                                                              Case No. 12-c-0003

WARDEN JOHN PAGUIN,

    Respondent.

## DECISION AND ORDER

The pro se petitioner, Larry White Eagle, who is currently incarcerated at Racine Correctional Institution, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1]. The petitioner alleges that the Wisconsin Department of Correction, Parole Commission, and the End of Review Confinement Board (ECRB) are relying on inaccurate information contained in the Pre-Sentence Investigation Report (PSI). He maintains that this reliance negatively affects his eligibility for parole, in violation of his right to due process. (Docket #1).

This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. The parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73 (E.D. Wis.).

---

[1] The petitioner stated that he filed his petition pursuant to 28 U.S.C. § 2241. However, as set forth by United States District Judge Lynn Adelman in his order dated January 19, 2010, the petition may only be considered under 18 U.S.C. § 2254. Therefore, this court will consider the petition as a § 2254 petition.

United States District Judge Lynn Adelman conducted a preliminary examination of the petition in accordance with Rule 4 of the Rules Governing § 2254 Cases. By order filed January 19, 2012, Judge Adelman determined that summary dismissal under Rule 4 was not appropriate because it did not plainly appear from "the face of the petition" that the petitioner was not entitled to relief. Thus, Judge Adelman ordered the respondent to serve and file an answer, motion, or other response to the petition for a writ of habeas corpus.

On January 25, 2012, the petitioner filed a motion for appointment of counsel and a motion for appointment of certified sign language interpreter. (Docket ##9 and 10, respectively). On February 10, 2012, the petitioner filed a motion for issuance of an order under 28 U.S.C. § 2250. (Docket #14). Also, on February 24, 2012, the petitioner filed a motion for a certificate of default against the respondent for failure to plead or otherwise defend the action within the 30 day time limit ordered by Judge Adelman. (Docket #19). These motions will be addressed herein.

## MOTIONS FOR APPOINTMENT OF COUNSEL AND CERTIFIED SIGN LANGUAGE INTERPRETER

There is no right to counsel in a federal habeas corpus proceeding. Wright v. West, 505 U.S. 277, 293 (1992); Pennsylvania v. Finley, 481 U.S. 551, 556 (1987). If a petitioner qualifies under 18 U.S.C. § 3006A(g), counsel shall be appointed, if necessary, for effective utilization of discovery procedures, if an evidentiary hearing is required, or if the interest of justice so requires. See Rules 6(a) & 8(c), Rules Governing Habeas Corpus Cases. However, at this early stage of the proceedings, this court is not prepared to make such a determination.

This court also has discretion to appoint counsel in a habeas corpus proceeding

pursuant to 28 U.S.C. § 1915(e). Before appointing counsel, this court must consider whether (1) the petitioner is indigent, (2) he has made reasonable efforts to secure counsel on his own, and (3) he is competent to litigate the matter on his own, considering the complexity of the case. See Romanelli v. Suliene, 615 F.3d 847, 851 (7th Cir. 2010); Farmer v. Hass, 990 F.2d 319, 322 (7th Cir. 1993); Jackson v. County of McLean, 953 F.2d 1070, 1071 (7th Cir. 1992).

In this case, Judge Adelman already has determined that the petitioner is indigent and granted his motion to proceed in forma pauperis. (Court's Order of January 19, 2012, at 3). Under §1915(e), the court must then conduct a threshold inquiry into the indigent's efforts to secure counsel. County of McLean, 953 F.2d at 1071. The petitioner's motion for appointment of counsel does not include any such information. Additionally, at this juncture of the proceedings, based on the petitioner's submissions, it appears that the case is not overly complex, that he is competent to litigate his petition himself and that the presence of counsel will not be outcome determinative. See Farmer v. Hass, 990 F.2d 319, 322 (7th Cir. 1993). Consequently, the petitioner's motion for appointment of counsel will be denied without prejudice.

With respect to the petitioner's motion for the appointment of a certified sign language interpreter, the court notes that there are no scheduled hearings at this time and the court has determined that the petitioner is competent to litigate this case himself. Therefore, there is no need to appoint a certified sign language interpreter to assist with communications with counsel or the court. Accordingly, the petitioner's motion for appointment of a sign language interpreter will be denied.

## MOTION FOR ISSUANCE OF AN ORDER UNDER 28 U.S.C.§ 2250

The petitioner further moves this court to order the Clerk of Court of Juneau County to furnish the petitioner with certain documentation – transcripts, preliminary hearing documents, and other records – that he believes may be vital to his habeas corpus case. The petitioner has correctly cited 28 U.S.C. § 2250, which entitles an indigent petitioner to receive copies of relevant documents without cost, a court order is not necessary. Rule 5 of the Rules Governing § 2254 Proceedings for the United States District Courts establishes what must be included in a respondent's answer to a habeas corpus petition. The rule provides in relevant part:

> **(c) Contents: Transcripts.** The answer must also indicate what transcripts (of pretrial, trial, sentencing, or post-conviction proceedings) are available, when they can be furnished, and what proceedings have been recorded but not transcribed. The respondent must attach to the answer parts of the transcript that the respondent considers relevant. The judge may order that the respondent furnish other parts of existing transcripts or that other parts of untranscribed recordings be transcribed and furnished. . ..
>
> **(d) Contents: Briefs on Appeal and Opinions.** The respondent must also file with the answer a copy of:
> **(1)** any brief that the petitioner submitted in an appellate court contesting the conviction or sentence, or contesting an adverse judgment or order in a post-conviction proceeding;
>
> **(2)** any brief that the prosecution submitted in an appellate court relating to the conviction or sentence; and
>
> **(3)** the opinions and dispositive orders of the appellate court relating to the conviction or the sentence.

Therefore, a court order for production of these documents is not necessary. As to the other documents requested, it is unclear at this time if they are included in the court records or are relevant to this case. Thus, the petitioner's motion will be denied.

**MOTION FOR CERTIFICATE OF DEFAULT**

The petitioner requests that this court enter a default judgment against the respondent for failure to plead or otherwise defend the petition. Specifically, the petitioner notes that pursuant to the scheduled order set forth in Judge Adelman's January 19, 2012, order, an answer was due by February 18, 2012. Subsequently, however, the respondent filed a motion for extension of time. This motion was granted and the court extended the deadline to answer to March 22, 2012. The order extending the deadline was mailed to the petitioner via United States mail. In light of the new deadline, the respondent's answer is not late and an entry of default judgment is not warranted. Accordingly, the petitioner's motion will be denied.

**NOW, THEREFORE, IT IS ORDERED** that the petitioner's motion for appointment of counsel be and hereby is **denied**. (Docket # 9).

**IT IS ALSO ORDERED** that the petitioner's motion to appoint a certified sign language interpreter be and hereby is **denied**. (Docket # 10).

**IT IS FURTHER ORDERED** that the petitioner's motion for issuance be and hereby is **denied** as moot. (Docket # 14).

**IT IS ALSO ORDERED** that the petitioner's motion for entry of default be and hereby is **denied**. (Docket #19).

Dated at Milwaukee, Wisconsin this 7th day of March, 2012.

BY THE COURT:

s/Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge